# EXHIBIT H

## DECLARATION OF IRVING LUCE

I, Irving Luce, hereby declare as follows under the penalty of perjury.

1.      I am the President of B&T USA, LLC ("B&T").   Unless otherwise stated, this declaration is based on my personal knowledge and belief and my review of business records of B&T.  If called as a witness, I could and would testify competently to the contents of this declaration.

2.      I am over 18 years of age, a citizen of the United States, and of sound mind.

3.      B&T is a federally licensed firearms importer and manufacturer.  B&T imports and manufactures large pistols that are sold with stabilizing braces.

4.      B&T was founded in 2014 to import and manufacture firearms and other accessories under license from B&T AG in Switzerland.

5.      B&T is a member of the Firearms Regulatory Accountability Coalition ("FRAC"), another private plaintiff in this case.

6.      A substantial portion of B&T's business consists of importing, manufacturing, and selling pistols that are specifically designed to be used with stabilizing braces.  Since 2014, B&T has sold over 47,825 pistols designed to be affixed with stabilizing braces to the public. Approximately 73% of B&T's revenues derive from sales of pistols and accessories designed to be affixed with stabilizing braces.

## ATF Classification of Stabilizing Braces

7.      For years, ATF generally viewed pistols affixed with stabilizing braces as outside the scope of the National Firearms Act ("NFA").  B&T relied on ATF's view, as well as the relevant provisions of the NFA, when it entered the pistol stabilizing brace market.  On January 31, 2023, ATF issued a Rule titled "Factoring Criteria for Firearms with Attached 'Stabilizing Braces.'" Around the same time, ATF published documents on its website identifying "[c]ommercially

available firearms equipped with a 'stabilizing brace'" and "[c]ommon weapon platforms with attached 'stabilizing brace' designs" that "are short-barreled rifles" under the Rule ("the Adjudications").    (These   documents   are   available   at   https://www.atf.gov/rules-and-regulations/factoring-criteria-firearms-attached-stabilizing-braces).

8.      By these actions, ATF reclassified pistols affixed with stabilizing braces as regulated under the NFA, an about-face from its longstanding view that pistols affixed with stabilizing braces are generally outside the scope of the NFA.

### The Rule Substantially and Irreparably Harms B&T

9.      B&T will suffer irreparable harm if the Rule is permitted to stand.

10.    Despite B&T's best efforts to understand the Rule, B&T is uncertain about how to apply the ambiguous criteria outlined in the Rule to its own inventory.  While ATF published Adjudications purporting to show which braced pistol configurations were covered by the Rule, ATF did not provide any explanation for its rulings.  Further, B&T does not manufacture or sell any of the configurations covered in these Adjudications.

11.    To comply with the Rule, B&T has already begun to conduct a full inventory of its over 2,000 firearms to determine which configurations, if any, are covered by the Rule or Adjudications.  B&T will be unable to recover the cost of the labor associated with this review, and complying with the Rule will continue to be a substantial burden on the business.  Further, B&T has sought advice from outside counsel regarding its compliance with the Rule.  B&T will be unable to recover the costs incurred from consulting with outside counsel regarding the Rule.

12.    B&T is already seeing the downstream effects of the Rule from its business partners. One of B&T's distributors recently returned a shipment of firearms and brace accessories in anticipation of the Rule taking full effect.  B&T employees now have to cure that order by

removing the stabilizing brace adapters from the shipment.  B&T must ensure that all future orders are compliant with the Rule.  B&T will not recover the shipping costs involved in this effort, nor the labor costs incurred during the cure activity.

13.    B&T has begun retraining employees on the Rule, siphoning away hours of work over multiple days to ensure the business does not inadvertently run afoul of ATF's new view of the law.  This retraining increases the cost of business for B&T because employees are unable to conduct normal business operations during training.  B&T's retraining efforts are ongoing.  B&T will be unable to recover these costs.

14.    If the Rule and Adjudications are not enjoined, B&T expects to lose a majority of its revenue that it previously derived from pistols designed to be used with stabilizing braces.  While B&T has tried to diversify its business, its revenue is heavily dependent on pistols designed for use with stabilizing braces.

15.    Since ATF published a draft of the Rule on the agency's website on January 13, 2023, B&T has seen a precipitous decline in sales.  B&T was selling approximately 200 specialized pistols per week prior to ATF's announcement of the Rule, but it has thus far been unable to sell any of those pistols after the announcement of the Rule. Customers are understandably reluctant to purchase items that impose significant burdens on owners, to include requiring individuals to register firearms with the federal government.

16.    B&T expects to expend thousands of dollars in materials, manufacturing time, and labor in order to convert the above affected stabilizing brace-related products into items not affected by this Rule.

17.    B&T is also examining whether it may need to forfeit or destroy some of its products because much of B&T's business is derived from imports, and ATF has taken the position that

weapons assembled from imported parts that are newly covered by the Rule cannot be "cured" by modifying the weapon.

18. If ATF's actions are not enjoined, B&T's reputation will also irreparably suffer because many of its products will be unexpectedly subject to burdensome federal firearm regulations backed up by criminal penalties. Customers will understandably be upset at this change and are likely to direct their ire at B&T even though B&T reasonably relied upon ATF's prior interpretation of the NFA.

19. Enjoining ATF's actions would remedy the harms to B&T. If the Rule and Adjudications were enjoined, B&T would not have to expend resources complying with those actions. Enjoining ATF's actions would also remove the regulatory burden that has made B&T's products less valuable and more difficult to sell, alleviating the economic and reputational injuries caused by ATF's actions.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 08, 2023

Irving Luce
President, B&T USA, LLC

4