UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| **FIREARMS REGULATORY ACCOUNTABILITY COALITION, INC., ET AL.,**<br><br>Plaintiffs,<br><br>v.<br><br>**MERRICK B. GARLAND, IN HIS OFFICIAL CAPACITY, as Attorney General of the United States, ET AL.,**<br><br>Defendants. | Case No. 1:23-cv-00024-DLH-CRH |

**DEFENDANTS' COMBINED MOTION FOR EXTENSION OF TIME AND UNOPPOSED MOTION FOR PAGE COUNT ENLARGEMENT FOR RESPONSE TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

Defendants respectfully request (i) a seven-day extension of the deadline to respond to Plaintiffs' Motion for Preliminary Injunction, *see* PI Mot., ECF No. 7; PI Mem., ECF No. 7-1, and (ii) permission to file a response in excess of the page limitation imposed under Local Rule 7.1(B).

Plaintiffs commenced this action on February 9, 2023, challenging ATF's final rule, "Factoring Criteria for Firearms with Attached 'Stabilizing Braces,'" 88 Fed. Reg. 6,478 (Jan. 31, 2023) ("Rule"). *See* Compl., ECF No. 1. The next day, on February 10, 2023, Plaintiffs moved for preliminary injunction. According to the Certificate of Service, the Motion was served by certified mail. PI Mot. at 8. In addition to service by certified mail, Plaintiffs served the United States Attorney's Office by hand with the Complaint and the Motion on February 13, 2023. Under Local Rule 7.1(B) and Federal Rule of Civil Procedure 6(a) and (d), Defendants' deadline to respond to Plaintiffs' Motion is Monday, February 27, 2023.[1] Plaintiffs have agreed that Defendants may have 40 pages for their response, but

---

[1] If the requested extension is granted, Defendants' deadline to respond would be Monday, March 6, 2023, three weeks from the date of service.

1

Plaintiffs oppose Defendants' request for a short extension of time to respond to the motion.

Defendants' request for a seven-day extension of the deadline to respond to Plaintiff's Motion for Preliminary Injunction is supported by good cause.  *First*, to fully respond to the motion, Defendants will need to brief several complex issues of constitutional and administrative law and potentially one or more threshold issues impacting this Court's subject matter jurisdiction.  Given the number and complexity of the issues presented, Defendants submit that the standard fourteen-day response period is insufficient to coordinate with agency stakeholders and fully address these issues.  Additionally, at least five other cases have been filed against Defendants challenging the Rule in other jurisdictions, and several of the plaintiffs in those actions have also moved for preliminary injunctions. *See Britto v. ATF*, No. 2:23-cv-19 (N.D. Tex.); *Mock v. Garland*, No. 4:23-cv-95 (N.D. Tex.); *Second Amendment Found. v. ATF*, No. 3:21-cv-116 (N.D. Tex.); *Watterson v. ATF*, No. 4:23-cv-90-ALM (E.D. Tex.); *Texas v. ATF*, No. 6:23-cv-13 (S.D. Tex.).  Fourteen days is insufficient time for Defendants to harmonize their responses to these various actions and motions for preliminary relief.

*Second*, Plaintiffs' motion was not filed as one for a temporary restraining order, and Plaintiffs have not established why a short extension to the default briefing schedule would be inappropriate. Although Plaintiffs oppose the extension because the Rule is effective immediately, Plaintiffs voluntarily delayed filing their complaint until nearly one month after the text of the Rule was available and two weeks after it went into effect.  Indeed, Plaintiff SB Tactical's website indicates that it has been closely monitoring the rulemaking process for quite some time and was on notice of the text of the Rule one month before filing this suit.  *See* SB Tactical, *Defund the Brace Ban*, https://web.archive.org/web/20230113190622/https:/www.sb-tactical.com/ (available January 13, 2023 ) ("On December 7th, the ATF informed the White House that it plans to finalize a rule that will create a federal registry of millions of pistol brace equipped firearms."); SB Tactical, *Last Chance to Stop the ATF*, https://web.archive.org/web/20221209121530/https://www.sb-tactical.com/

2

(available December 9, 2022) ("The ATF sent their final draft of the brace rule to the Office of Information and Regulatory Affairs (OIRA) at the White House. . . . Based on this and recent ATF court filings, we expect a final rule to be published before the end of the year."); *see also* Rule, 88 Fed. Reg. 6,478 (published Jan. 31, 2023). Plaintiffs used that delay to draft a nearly 50-page Complaint and a 40-page Motion for Preliminary Injunction, and accordingly, Defendants submit that a short extension is warranted. Additionally, the Rule includes a 120-day compliance and registration period that provides individuals like Plaintiff Richard Cicero with adequate time to comply with its requirements. Thus, individuals potentially affected by the Rule will not be prejudiced by the proposed seven-day extension.

*Third* and finally, four suits also challenging the Rule are pending in the Northern and Southern Districts of Texas where the default response time is 21 days. *See Britto v. ATF*, No. 2:23-cv-19 (N.D. Tex.); *Mock v. Garland*, No. 4:23-cv-95 (N.D. Tex.); *Second Amendment Found. v. ATF*, No. 3:21-cv-116 (N.D. Tex.); *Texas v. ATF*, No. 23-cv-13 (S.D. Tex.). And, in another action challenging the Rule, the district court granted Defendants' motion requesting an extension of time to respond to the plaintiff's motion seeking preliminary relief. *See Watterson v. ATF*, No. 4:23-cv-80-ALM (E.D. Tex.). To the extent practicable, Defendants seek an extension to file their response in this matter so that they may coordinate the response timelines across these different actions.

No previous extensions of time have been requested by Defendants in this matter and granting this short extension will not impact any other deadlines now set in the case.

Accordingly, Defendants respectfully request that the Court grant a seven-day extension of their deadline to respond to Plaintiff's Motion for Preliminary Injunction, such that Defendants will be permitted to file their response no later than March 6, 2023. Defendants also request the Court's permission to file an oversized response, allowing for a 20-page enlargement of the 20-page limit under Local Rule 7.1(B).

Dated: February 15, 2023                    Respectfully submitted,

                                            BRIAN M. BOYNTON
                                            Principal Deputy Assistant Attorney General

                                            BRIGHAM J. BOWN
                                            Assistant Branch Director

                                            */s/*_____
                                            TAYLOR PITZ (CA Bar No. 332080)
                                            FAITH E. LOWRY
                                            MICHAEL DREZNER
                                            JODY D. LOWENSTEIN
                                            Trial Attorneys
                                            U.S. Department of Justice
                                            Civil Division, Federal Programs Branch
                                            1100 L Street, N.W.
                                            Washington, DC 20005
                                            Phone: (202) 305-5200
                                            Email: taylor.n.pitz@usdoj.gov
                                            *Counsel for Defendants*