UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| FIREARMS REGULATORY ACCOUNTABILITY, COALITION, ET AL., <br> *Plaintiffs,* <br> v. <br> MERRICK B. GARLAND, ET AL., <br> *Defendants.* | Civ. No: 1:23-cv-24-DLH-CRH |

## CONSENT MOTION FOR LEAVE TO FILE AN AMICUS BRIEF

Pursuant to D.N.D. L.R. 7.1(G), *Amicus Curiae* Robert M. Miller, Ph.D., requests leave of the Court to file an *amicus curiae* brief for the above-captioned case. The proposed brief is a part-legal, part-*Brandeis* brief that will aid this Court in better understanding the issues of this case and the Agency's burdens of conducting a rigorous cost-benefit analysis and other legal requirements for rulemaking. Plaintiffs and Defendants consent to this brief.

Non-party participants have been allowed at the trial level when they provide helpful analysis of law, they have special interest in the subject matter, or existing counsel is in need of assistance. *Tafas v. Dudas*, 511 F. Supp. 2d 652, 659 (E.D. Va. 2007). This district has routinely allowed *amici* to participate in cases. See, e.g., *White River Royalties, LLC v. Hess Bakken Invs. II, L.L.C.*, No. 1:19-CV-00218, 2020 WL 6231893, at *1 (D.N.D. May 22, 2020); *N. Bottling Co. v. PepsiCo, Inc.*, 427 F. Supp. 3d 1106, 1111 (D.N.D. 2019); *Voigt v. Coyote Creek Mining Co., LLC*, 329 F. Supp. 3d 735, 737 (D.N.D. 2018); *Consumer Fin. Prot. Bureau v. Intercept Corp.*, No. 3:16-CV-144, 2017 WL 3774379, at *1 (D.N.D. Mar. 17, 2017); *Hanson v. Acceleration Life Ins. Co.*, No. CIV A3-97-152, 1999 WL 33283345, at *1 (D.N.D. Mar. 16, 1999).

1

## INTEREST OF AMICUS CURIAE ROBERT M. MILLER [1]

*Amicus* is the plaintiff, *pro se*, in *Miller v. Garland*, 1:23-cv-195 (E.D. Va) in which he challenges the same Agency rule, the NFA, and GCA for several of the reasons raised by Plaintiffs and for additional reasons. *Amicus* is a non-attorney Senior Financial Economist for a Federal financial regulator. He has an M.A. and Ph.D. in Economics from the University of Illinois (1995, 2002), and a B.A. in Mathematics and Economics from the University of Colorado at Denver (1992). *Amicus*' duties involve conducting cost-benefit analysis for Federal government rulemaking and other regulatory analysis for compliance with laws, executive orders, and Office of Management and Budget Circular A-4 ("OMB Cir. A-4"). *Amicus*' economics expertise will greatly assist the Court in understanding how the Agency failed to meet its burdens.

*Amicus* is a firearms expert with more than forty-years experience shooting firearms, including 21 years in the United States Army and its reserve components. *Amicus* owns more than 100 firearms, including at least five braced pistols and twenty-four short-barreled rifles ("SBR") regulated by the National Firearms Act of 1934 ("NFA"), Pub. L. 73-474 and the Gun Control Act of 1968 ("GCA"), Pub. L. 90-618. *Amicus* is a licensed firearm seller in Virginia working for a federal firearms licensed dealer ("FFL") that pays a Special Occupational Tax ("SOT") to manufacture and deal in NFA-regulated firearms. *Amicus* has personal experience with braced pistols and SBRs that will shed light on the arbitrariness of the factors the Agency uses in determining whether a braced pistol is an SBR. *Amicus* is actively involved in the firearms

---

[1] No party's counsel authored any part of this brief in whole or part, and no party, party's counsel, or anyone other than Amicus contributed money intended to fund preparing or submitting this brief.

2

community, and he has personal knowledge of the evolution of the Agency's classifications of braces since 2012 and the impacts those classifications have had on industry participants.

*Amicus* submitted a public comment in opposition to Agency's *Factoring Criteria for Firearms With Attached "Stabilizing Braces,"* RIN 1140-AA55, 88 FR 6478 ("Rule") that included economic and legal arguments described in his brief. *Amicus* also submitted public comments opposing Agency's rule *Bump-Stock-Type Devices*, RIN 1140-AA52, 83 FR 66514 and *Definition of 'Frame or Receiver' and Identification of Firearms*, RIN 1140-AA54, 87 FR 24652 based on the Agency's faulty regulatory analysis, to which Agency responded at great length. Directly because of *Amicus'* economic arguments, Agency withdrew the economic basis for two of their rules, including the rule at issue in this case. In these three rules, Agency employed similar tactics to escape statutory requirements.

*Amicus'* brief discusses issues and facts not raised by the parties or other *amici*, and it will greatly aid this Court's determination to set aside this rule as unlawful under 5 U.S.C. §706.

I hereby certify and verify under penalty of perjury under the laws of the United States that the foregoing is true and correct. 28 U.S.C. §1746. No attorney has prepared or assisted in the preparation of this brief.

EXECUTED ON March 10, 2023.

-s- *[signature]*
Robert M. Miller, Ph.D.
4094 Majestic Ln., #278
Fairfax, VA 22033
(415) 596-2444
RobMiller44@hotmail.com

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on March 10, 2023, a copy of the foregoing **CONSENT MOTION FOR LEAVE TO FILE AN AMICUS BRIEF** was sent to the Court by certified Priority U.S. Mail.

I caused a copy of this filing to be served on all Plaintiffs and Defendants by CM/ECF.

_____
Robert M. Miller, Ph.D.
*Amicus*