UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| **FIREARMS REGULATORY ACCOUNTABILITY COALITION, INC., ET AL.,**<br><br>  Plaintiffs,<br><br>v.<br><br>**MERRICK B. GARLAND, IN HIS OFFICIAL CAPACITY, as Attorney General of the United States, ET AL.,**<br><br>  Defendants. | Case No. 1:23-cv-00024-DLH-CRH |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs recently notified this Court of an out-of-circuit decision addressing a different regulation from the rule at issue here. *See* Notice of Suppl. Auth., ECF No. 77; Ex. A., ECF No. 77-1. That decision, *Hardin v. ATF*, No. 20-6380 (6th Cir.), has no relevance to the present case.

First, the *Hardin* decision addressed a rule that "ban[s] bump stocks as a machinegun part." *See Hardin*, Slip Op. at 2. By contrast the rule at issue here, *Factoring Criteria for Firearms With Attached "Stabilizing Braces,"* 88 Fed. Reg. 6,478 (Jan. 31, 2023) ("Rule"), does not ban *any* weapon or accessory: it merely sets forth the factors ATF considers in determining whether a weapon equipped with a stabilizing brace has been "designed or redesigned, made or remade, and intended to be fired from the shoulder," and is therefore a "rifle" under the National Firearms Act ("NFA") and the Gun Control Act ("GCA"). If such a rifle has a barrel shorter than 16 inches in length, it may be classified as a short-barreled rifle that is subject to the NFA's taxation and record-keeping requirements, but not banned.

1

Second, *Hardin* is not only distinguishable on the facts, but its application of lenity does not follow here, as Judge O'Connor already determined in *Mock v. Garland*, ---F. Supp. 3d---, 2023 WL 2711630 (N.D. Tex. Mar. 30, 2023). *See id.* at *6 ("Plaintiffs' argument regarding the rule of lenity, which requires the Court to interpret an ambiguous statute in favor of a criminal defendant, (assuming it applies) is unpersuasive.").[1] Indeed, lenity does not apply here for a host of reasons, as set forth fully in Defendants' Opposition to Plaintiffs' Motion for Preliminary Injunction, ECF No. 63, at 21–24.

Third and finally, and contrary to Plaintiffs' contentions, there is no comparable change in ATF's interpretation of the relevant statute. *See Hardin*, Slip Op. at 4. The Rule merely provides public notice of ATF's understanding of the analysis required by the statutory framework and identifies the factors the agency will consider in determining whether a brace-equipped weapon is a short-barreled rifle under the NFA. The Rule does not categorically classify such weapons (or classify any weapons at all), and instead provides consistent criteria for application in future classifications.

Thus, *Hardin* is neither binding nor persuasive as to any aspect of the matters before this Court.

Dated: April 28, 2023

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

BRIGHAM J. BOWN
Assistant Branch Director

*/s/ Taylor Pitz*
TAYLOR PITZ (CA Bar No. 332080)
MICHAEL DREZNER (VA Bar No. 83836)
JODY D. LOWENSTEIN (MT Bar No. 55816869)
FAITH E. LOWRY (TX Bar No. 24099560)
Trial Attorneys
U.S. Department of Justice

---

[1] Although *Mock* predates *Hardin*, *Mock* was decided after and specifically considered the Fifth Circuit's decision in *Cargill v. Garland*, 57 F.4th 447 (5th Cir. 2023) (en banc), *see Mock*, 2023 WL 2711630 at *4 (citing *Cargill*, 57 F.4th at 465–66); *Hardin* essentially adopts *Cargill*'s approach.

Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Phone: (202) 305-5200
Email: taylor.n.pitz@usdoj.gov
*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

On April 28, 2023, I electronically submitted the foregoing document with the Clerk of Court for the U.S. District Court, District of North Dakota, using the Court's electronic case filing system. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Taylor Pitz*
Taylor Pitz
Trial Attorney
U.S. Department of Justice