IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| FIREARMS REGULATORY ACCOUNTABILITY COALITION, INC., *et al.*,<br><br>                      *Plaintiffs*,<br><br>   v.<br><br>MERRICK B. GARLAND, *et al.*,<br><br>                      *Defendants*. | Case No. 1:23-cv-24-DLH-CRH |

**DEFENDANTS' RESPONSE TO
PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants hereby respond to Plaintiffs' Notice of Supplemental Authority and May 31 Compliance Deadline, ECF No. 85. As that notice informed the Court, two district courts granted plaintiffs' motions for preliminary injunction in *Texas v. ATF*, No. 6:23-cv-13 (S.D. Tex.) and *Britto v. ATF*, No. 2:23-cv-19-Z (N.D. Tex.). ECF Nos. 85-1, 85-2. Unlike the denial of the preliminary injunction in *Miller v. Garland*, No. 1:23-cv-195-RDA-JFA, ---F. Supp. 3d---, 2023 WL 3692841 at *1 (E.D. Va. May 26, 2023), neither decision provides reasoned analysis addressing plaintiffs' likelihood of success on the merits; instead, both follow a Fifth Circuit motions panel's unpublished order in *Mock v. Garland*, No. 23-10319 (5th Cir. May 5, 2023), which itself provides no reasoning.

Defendants respectfully submit for the Court's awareness that the *Texas* decision's Article III standing and irreparable harm analysis was contrary to Eighth Circuit and Supreme Court precedent. *Tumey v. Mycroft AI, Inc.*, 27 F.4th 657, 664 (8th Cir. 2022) ("[T]he burden of establishing the propriety of an injunction is *on the movant*," and a "'plaintiff seeking a preliminary injunction must establish that . . . *he* is likely to suffer irreparable harm in the absence of preliminary relief[.]'" (quoting *Winter v. NRDC*, 555 U.S. 7, 20 (2008)) (emphasis added)). With respect to the private plaintiffs in that action,

1

*Texas* summarily relied on the Fifth Circuit's implicit determination that a different set of private plaintiffs had demonstrated irreparable harm, *see Texas* at 3. The court also determined that Texas had demonstrated standing and irreparable harm based on compliance costs, despite Texas's failure to show it would incur any such costs or "substantiate" its claims with any competent evidence. *Packard Elevator v. I.C.C.*, 782 F.2d 112, 115 (8th Cir. 1986). In any event, the district court still concluded Texas could not assert sovereign or quasi-sovereign interests as a basis for relief. *See Texas* at 4–6.

Moreover, both referenced decisions underscore that any injunction should apply only to the parties before the Court. *See Texas* at 7 (limiting injunction to "(1) the private plaintiffs in this case . . ., and (2) individuals employed directly by the State of Texas or its agencies"); *id.* (declining "to extend injunctive relief to within the sovereign borders of the State" because "Texas has only shown a likelihood of irreparable harm with respect to its own compliance costs," and thus, "[i]njunctive relief within the borders of the State would be overbroad"); *Britto* at 2, (issuing "a preliminary injunction as to the Plaintiffs in this case only").

Dated: June 2, 2023

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

BRIGHAM J. BOWEN
Assistant Branch Director

*/s/ Taylor Pitz*
TAYLOR PITZ (CA Bar No. 332080)
MICHAEL DREZNER (VA Bar No. 83836)
JODY D. LOWENSTEIN (MT Bar No. 55816869)
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Phone: (202) 305-5200
Email: taylor.n.pitz@usdoj.gov

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

On June 2, 2023, I electronically submitted the foregoing document with the Clerk of Court for the U.S. District Court, District of North Dakota, using the Court's electronic case filing system. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ Taylor Pitz
TAYLOR PITZ
Trial Attorney
U.S. Department of Justice