**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**
**WESTERN DIVISION**

| | |
|---|---|
| FIREARMS REGULATORY ACCOUNTABILITY COALITION, INC., STATES OF WEST VIRGINIA, NORTH DAKOTA, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> MERRICK B. GARLAND, *et al.*, <br><br> Defendants. | Civil Action No. 1:23-cv-0024-DLH-CRH |

**JOINT STATUS REPORT**

Pursuant to the Court's Order dated October 3, 2024, ECF No. 111 ("Order"), the parties submit this joint status report to appraise the Court of their respective positions on a proposed schedule.  This status report is being filed on the docket and submitted via email to ndd_J-Hochhalter@ndd.uscourts.gov.  *See* Order at 1.

**Plaintiffs** believe that proceedings in this case should remain stayed.  While this case was on appeal, a federal district court in Texas vacated the same rule at issue in this case.  *See Mock v. Garland*, 2024 WL 2982056, at \*5–\*6 (N.D. Tex. June 13, 2024).  The Government does not dispute that the Rule is currently vacated.

After the Eighth Circuit held that Plaintiffs in this case are "likely to succeed on the merits on the merits of [their] arbitrary-and-capricious challenge," *FRAC v. Garland*, 112 F.4th 507, 511 (8th Cir. 2024), the Government appealed the *Mock* decision.  *See Mock v. Garland*, 24-10743 (5th Cir.).  The case will be fully briefed by November 27, 2024.

The outcome in *Mock* could have a significant impact on this case.  If the Fifth Circuit affirms, the challenged rule will remain vacated, and this action may become moot as "the status

quo … that existed for decades prior to the Final Rule going into effect last year" will be reestablished. *Mock*, 2024 WL 2982056. at \*6 (cleaned). Meanwhile, forcing Plaintiffs to continue litigating here will come at a substantial financial cost. For the Plaintiff States, it will also cause a diversion of resources from other important litigation matters. Plaintiffs thus believe a temporary stay of proceedings pending the outcome of the appeal in *Mock v. Garland*, 24-10743 (5th Cir.) will conserve party resources and promote judicial economy by obviating the need for briefing and decision on the same challenged agency rule that is already vacated and that the Fifth Circuit is now considering on appeal.

Plaintiffs intend to promptly file a motion requesting that this Court maintain the stay of these proceedings pending the Fifth Circuit's decision. The Government has indicated it will oppose Plaintiffs' motion.

**Defendants** believe that this matter should continue to summary judgment and intend to oppose Plaintiffs' stay motion. The legal challenges brought in this case are distinct from those presented in *Mock v. Garland*, No. 24-10743 (5th Cir.), and in any event, the Fifth Circuit provides no determinative rule of decision for this Court.

Importantly, *Mock* turns, in part, on those plaintiffs' logical outgrowth claim—a claim Plaintiffs have not brought in this action. In *Mock*, the Fifth Circuit reversed the district court's denial of a motion for a preliminary injunction based on its determination that the Rule did not satisfy the APA's logical outgrowth requirement. *See Mock v. Garland*, 75 F.4th 563, 586 (5th Cir. 2023). On remand, the district court vacated the Rule and entered final judgment based in part on plaintiffs' logical outgrowth claim, and the Government's pending appeal challenges that determination. *See Mock v. Garland*, 2024 WL 2982056, at \*3 (N.D. Tex. June 13, 2024); *see also* Opening Br. for Appellants at 17–33, Dkt. No. 28, *Mock v. Garland*, No. 24-10743 (5th Cir.).

Accordingly, the *Mock* decision may not even offer persuasive value in resolving the merits of the claims before this Court.

Additionally, the *Mock* appeal challenges the district court's universal vacatur of the Rule. *See Mock* Opening Br. for Appellants at 39–53. For this Court to stay these proceedings to await the Fifth Circuit's determination would effectively acquiesce to that inappropriate form of relief and "prevent[] legal questions from percolating through the federal courts." *Trump v. Hawaii*, 138 S. Ct. 2392, 2425 (2018) (Thomas, J., concurring); *see also Arizona v. Biden*, 40 F.4th 375, 395–98 (6th Cir. 2022) (Sutton, C.J., concurring) (explaining that "universal remedies . . . take the judicial power beyond its traditionally understood uses" and " short-circuit the decisionmaking benefits of having different courts weigh in on vexing questions of law and allowing the best ideas to percolate to the top.").

Accordingly, Defendants oppose a further stay of proceedings and request that the Court enter a briefing schedule for summary judgment. Defendants propose the following briefing schedule:

- Defendants produce the administrative record to Plaintiffs: November 7, 2024

- Plaintiffs' opening brief due: December 5, 2024

- Defendants' opening brief due: January 16, 2025

- Plaintiffs' response brief due: February 13, 2025

- Defendants' reply brief due: March 13, 2025

October 18, 2024

/s/ Stephen J. Obermeier
Stephen J. Obermeier
Thomas M. Johnson, Jr.
Michael D. Faucette
Jeremy J. Broggi
Boyd Garriott
**WILEY REIN LLP**
2050 M Street NW
Washington, DC 20036
Tel: 202.719.7000
Fax: 202.719.7049
SObermeier@wiley.law
TMJohnson@wiley.law
MFaucette@wiley.law
JBroggi@wiley.law
BGarriott@wiley.law

Benjamin J. Sand (ND ID #07981)
**CROWLEY FLECK PLLP**
100 W Broadway Ave
Bismarck, ND 58501
Tel: 701.223.6585
Fax: 701.222.4853
bsand@crowleyfleck.com

*Counsel for Plaintiffs FRAC, SB Tactical, B&T, and Richard Cicero*

/s/ Michael R. Williams
PATRICK MORRISEY
Attorney General
MICHAEL R. WILLIAMS
Solicitor General

Office of the West Virginia Attorney General
State Capitol, Bldg 1, Room E-26
Charleston, WV 25305
(681) 313-4550
Michael.R.Williams@wvago.gov

*Counsel for Plaintiff State of West Virginia*

/s/ Taylor Pitz
TAYLOR PITZ (CA Bar. No. 332080)
FAITH E. LOWRY (TX. Bar No. 24099560)

JODY D. LOWENSTEIN (MT Bar No. 55816869)
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Phone: (202) 305-5200
Email: taylor.n.pitz@usdoj.gov