UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| FIREARMS REGULATORY ACCOUNTABILITY COALITION, INC., STATES OF WEST VIRGINIA, NORTH DAKOTA, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> MERRICK B. GARLAND, *et al.*, <br><br> Defendants. | Civil Action No. 1:23-cv-24 |

**PLAINTIFFS' MOTION TO STAY PROCEEDINGS PENDING RESOLUTION OF RELATED CASE**

Plaintiffs respectfully request that this Court stay the proceedings in this matter pending the resolution of the Government's appeal in *Mock v. Garland*, No. 24-10743 (5th Cir.). Defendants oppose this motion. *See* ECF No. 113.

**BACKGROUND**

On January 31, 2023, ATF published the rule at issue here, *see* Factoring Criteria for Firearms with Attached "Stabilizing Braces," 88 Fed. Reg. 6,478 (Jan. 31, 2023) ("Final Rule"), compelling Plaintiffs to seek a preliminary injunction from this Court. On appeal, the Eighth Circuit held Plaintiffs are "likely to succeed on the merits of [their] arbitrary-and-capricious challenge" and remanded for this Court "to address the remaining injunctive factors." *FRAC v. Garland*, 112 F.4th 507, 511, 526 (8th Cir. 2024).

While this case was on appeal, and after it was fully briefed and argued before the Eighth Circuit, a federal district court in Texas entered summary judgment in favor of challengers to the same Final Rule at issue here and vacated the Final Rule. *See Mock v. Garland*, No. 4:23-CV-00095-O, 2024 WL 2982056, at *5–*6 (N.D. Tex. June 13, 2024). The Government acknowledges

the Final Rule is vacated and, therefore, that it cannot be enforced against anyone. After the Eighth Circuit issued its opinion, the Government appealed to the Fifth Circuit the Texas court's summary judgment decision. Consequently, the Fifth Circuit will now decide whether to affirm the judgment that "the Final Rule violated the APA's procedural requirements because it was arbitrary and capricious and was not a logical outgrowth of the Proposed Rule." *Mock*, 2024 WL 2982056, at *6; *see Mock v. Garland*, 24-10743 (5th Cir.). That appeal will be fully briefed by November 27, 2024.

## ARGUMENT

"It is well-established that a trial court has the inherent power to stay proceedings to control its docket, to conserve judicial resources, and to ensure that each matter is handled 'with economy of time and effort for itself, for counsel, and for litigants.'" *Barnes v. Zurn Plex, Inc.*, No. 1:07-cv-74, 2008 WL 111217, at *2 (D.N.D. Jan. 9, 2008) (Hovland, J.) (quoting *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936)). Federal courts routinely stay cases where another case raises the same or related issues and is "further along" in its proceedings. *Norris v. Miller,* 926 F. Supp. 776, 779–80 (N.D. Ill. 1996) (granting stay where related case was further along); *accord Lunde v. Helms*, 898 F.2d 1343 (8th Cir. 1990) (affirming district court stay pending related federal administrative proceedings).

The outcome in the *Mock* appeal could have a significant impact on this case. If the Fifth Circuit affirms, then the Final Rule will remain vacated, and this action may become moot. *See, e.g.*, *Aland v. Salazar*, No. 1:08-CV-24, 2012 WL 12985149, at 1* (D. Idaho Mar. 23, 2012) (dismissing Administrative Procedure Act challenge to agency rule as moot where appellate court in other proceeding vacated the same rule). And if the Fifth Circuit reverses or limits the Texas court's judgment in any way, this Court may still benefit from that opinion—subject of course to the undisputed vertical *stare decisis* principle that only the Eighth Circuit's reasoning controls this

Court.  *See* Dkt. 113, at 2 (Government's acknowledgement that "the Fifth Circuit provides no determinative rule of decision for this Court").

The Government indicates its intent to oppose a stay on the ground that "*Mock* turns, in part, on those plaintiffs' logical outgrowth claim."  *Id*.  But, as the district court there explained (and the Government's appeal brief in *Mock* acknowledges), those plaintiffs' logical outgrowth claim was an *additional* reason that the district court vacated the Final Rule.  The district also held—like the Eighth Circuit recognized in this case—that the Final Rule is "arbitrary and capricious."  *Mock*, 2024 WL 2982056, at *6; *see* DOJ Appellant Br. 3–4, *Mock v. Garland*, 24-10743 (5th Cir.) (statement of the issues), 12 ("The district court also granted summary judgment to plaintiffs on their claim that the Rule is arbitrary and capricious[.]").  Each holding was an independent ground authorizing vacatur.  And the Fifth Circuit has already held—at the preliminary injunction stage in that case—that the *Mock* plaintiffs were likely to succeed on at least one.  *See Mock v. Garland*, 75 F.4th 563 (5th Cir. 2023).  In any event, for the purpose of deciding this motion, it makes no difference what ground the district court invoked to vacate the Final Rule in *Mock* or which ground the Fifth Circuit may use to affirm.  Vacatur is the result either way.

The Government also says it will oppose because "the *Mock* appeal challenges … universal vacatur."  Dkt. 113, at 3.  But the Supreme "Court has affirmed countless decisions that vacated agency actions, including agency rules," *Corner Post, Inc. v. Bd. of Governors of Fed. Rsrv. Sys.*, 144 S. Ct. 2440, 2463 (2024) (Kavanaugh, J., concurring), so there is no doubt that existing law authorizes this universal remedy.  *See also* Transcript of Oral Argument at 35:16-25, *United States v. Texas*, No. 22-58 (U.S. Nov. 29, 2022) (Chief Justice Roberts describing the Government's anti-vacatur position as "fairly radical" and "inconsistent with … established practice under the APA");

*Red River Valley Sugarbeet Growers Ass'n v. Regan*, 85 F.4th 881, 883 (8th Cir. 2023) ("vacat[ing]" order that "was arbitrary and capricious"). The Government may hope to change that law by taking *Mock* all the way to the Supreme Court. But, if so, that is more reason, not less, for a stay.

Coupled with the potential legal impact of *Mock* on this case are equitable considerations about judicial and party resources. Absent a stay, the Court will expend substantial resources on summary judgment briefing as it considers the lawfulness of a rule that is already vacated and may never come back into force. *See Johnson v. N.D. Guar. & Title Co.*, No. 1:17-CV-120, 2018 WL 6706672, at *2 (D.N.D. Dec. 20, 2018) ("Factors for the court's consideration include but are not limited to the conservation of judicial resources … "). That effort will be wasted if the Fifth Circuit upholds the existing vacatur decision.

A stay will conserve the party resources. The private Plaintiffs have already incurred substantial costs from both the rule and this challenge. *See* Appellant's Br. 52–56, *FRAC v. Garland*, No. 23-3230 (8th Cir.). And since this action seeks injunctive relief, Plaintiffs are not likely to recover any of those expenses. It makes little sense to compel Plaintiffs to incur further unrecoverable costs for efforts which may be rendered unnecessary by other proceedings outside of their control. For the Plaintiff States, continued activity in this case will divert resources from other important litigation matters. Should the rule survive the Government's appeal in *Mock*, Plaintiffs stand ready and willing to immediately resume summary judgment briefing.

Conversely, a stay will not prejudice the Government. If the rule is vacated, any further efforts by the Government in this proceeding will have been entirely misplaced. Indeed, "[Defendant's] interests would actually be served by granting a stay" since they would not "be required to incur additional expenses from simultaneous litigation" in two jurisdictions over the

same agency regulation. *Raskas v. Johnson & Johnson*, No. 4:12-cv-2174 JCH, 2013 WL 1818133, at *2 (E.D. Mo. Apr. 29, 2013). Thus, despite its opposition, the Government only stands to benefit from a stay.

Finally, any stay of proceedings will likely be short. *See Frable v. Synchrony Bank*, 215 F. Supp. 3d 818, 821 (D. Minn. 2016) (granting motion where stay was anticipated to be "relatively short in duration"). Briefing in *Mock* will be completed next month. Given the pace at which that case has moved, it is likely the Fifth Circuit will decide the issue promptly. After that, the parties can advise this Court whether further proceedings are required here.

## CONCLUSION

For the foregoing reasons, this Court should stay these proceedings until the appeal in *Mock v. Garland*, No. 24-10743 (5th Cir.), is decided.

Dated: October 28, 2024

Respectfully Submitted,

*/s/ Stephen J. Obermeier*
Stephen J. Obermeier
Thomas M. Johnson, Jr.
Michael D. Faucette
Jeremy J. Broggi
Boyd Garriott
**WILEY REIN LLP**
2050 M Street NW
Washington, DC 20036
Tel: 202.719.7000
Fax: 202.719.7049
SObermeier@wiley.law
TMJohnson@wiley.law
MFaucette@wiley.law
JBroggi@wiley.law
BGarriott@wiley.law

Benjamin J. Sand (ND ID #07981)
**CROWLEY FLECK PLLP**
100 W Broadway Ave
Bismarck, ND 58501
Tel: 701.223.6585
Fax: 701.222.4853
bsand@crowleyfleck.com

*Counsel for Plaintiffs FRAC, SB Tactical, B&T, and Richard Cicero*

*/s/ Michael R. Williams*
PATRICK MORRISEY
Attorney General
MICHAEL R. WILLIAMS
Solicitor General

Office of the West Virginia Attorney General
State Capitol, Bldg 1, Room E-26
Charleston, WV 25305
(681) 313-4550
Michael.R.Williams@wvago.gov

*Counsel for Appellant State of West Virginia*

*/s/ Philip Axt*
DREW H. WRIGLEY
Attorney General
PHILIP AXT
Solicitor General

North Dakota Attorney General's Office
500 North 9th Street
Bismarck, ND 58501
(701) 328-2210
pjaxt@nd.gov

*Counsel for Plaintiff State of North Dakota*

| | |
|---|---|
| */s/ Edmund G. LaCour Jr.* | */s/ Charles E. Brasington* |
| STEVE MARSHALL | TREG TAYLOR |
| Attorney General | Attorney General |
| EDMUND G. LACOUR JR. | CHARLES E. BRASINGTON |
| Solicitor General | Assistant Attorney General |
| | |
| Alabama Attorney General's Office | Alaska Attorney General's Office |
| 501 Washington Avenue | 1031 West Fourth Avenue, Suite 200 |
| Post Office Box 300152 | Anchorage, AK 99501 |
| Montgomery, Alabama 36130-0152 | Phone: (907) 269-6612 |
| Telephone: (334) 242-7300 | charles.brasington@alaska.gov |
| Facsimile: (334) 353-8400 | |
| Edmund.LaCour@AlabamaAG.gov | *Counsel for Plaintiff State of Alaska* |
| | |
| *Counsel for Plaintiff State of Alabama* | |

| | |
|---|---|
| */s/ Dylan L. Jacobs* | */s/ Natalie P. Christmas* |
| TIM GRIFFIN | ASHLEY MOODY |
| Attorney General | Attorney General |
| NICHOLAS J. BRONNI | NATALIE P. CHRISTMAS (Fla. Bar 1019180) |
| Solicitor General | Counselor to the Attorney General |
| DYLAN L. JACOBS | |
| Deputy Solicitor General | Florida Attorney General's Office |
| | The Capitol, Pl-01 |
| Arkansas Attorney General's Office | Tallahassee, Florida 32399-1050 |
| 323 Center Street, Suite 200 | (850) 414-3300 |
| Little Rock, Arkansas 72201 | (850) 410-2672 (fax) |
| (501) 682-6302 | natalie.christmas@myfloridalegal.com |
| nicholas.bronni@arkansasag.gov | |
| dylan.jacobs@arkansasag.gov | *Counsel for Plaintiff State of Florida* |
| | |
| *Counsel for Plaintiff State of Arkansas* | |

| | |
|---|---|
| */s/ Stephen J. Petrany* | */s/ Alan M. Hurst* |
| CHRISTOPHER M. CARR | RAÚL R. LABRADOR |
| Attorney General | Attorney General |
| STEPHEN J. PETRANY | ALAN M. HURST |
| Solicitor General | Solicitor General |
| | |
| Georgia's Attorney General's Office | Idaho Attorney General's Office |

7

40 Capitol Square, SW
Atlanta, Georgia 30334
(404) 458-3408
spetrany@law.ga.gov

*Counsel for Plaintiff State of Georgia*

P.O. Box 83720-0010
Boise, ID 83720-0010
(208) 334-2400
(208) 854-8071 (fax)
alan.hurst@ag.idaho.gov

*Counsel for Plaintiff State of Idaho*

*/s/ Betsy M. Denardi*
THEODORE E. ROKITA
Attorney General
BETSY M. DENARDI
Director of Complex Litigation

Indiana Attorney General's Office
Indiana Government Center South
302 W. Washington St., 5th Floor
Indianapolis, IN 46204
(317) 232-6231
Betsy.DeNardi@atg.in.gov

*Counsel for Plaintiff State of Indiana*

*/s/ Eric H. Wessan*
BRENNA BIRD
Attorney General
ERIC H. WESSAN
Solicitor General

Iowa Attorney General's Office
1305 E. Walnut Street
Des Moines, Iowa 50319
(515) 281-5164
(515) 281-4209 (fax)
eric.wessan@ag.iowa.gov

*Counsel for Plaintiff State of Iowa*

*/s/ Jesse A. Burris*
KRIS KOBACH
Attorney General
JESSE A. BURRIS
Assistant Attorney General

Kansas Attorney General's Office
120 SW 10th Avenue, 2nd Floor
Topeka, Kansas 66612-1597
Tel: (785) 368-8197
Jesse.Burris@ag.ks.gov

*Counsel for Plaintiff State of Kansas*

*/s/ Aaron J. Silletto*
RUSSELL COLEMAN
Attorney General
AARON J. SILLETTO
Assistant Attorney General

Kentucky Attorney General's Office
700 Capital Avenue, Suite 118
Frankfort, Kentucky 40601
Phone: (502) 696-5300
Aaron.Silletto@ky.gov

*Counsel for Plaintiff Commonwealth of Kentucky*

*/s/ Tracy Short*
ELIZABETH B. MURRILL

*/s/ Justin L. Matheny*
LYNN FITCH

8

Attorney General
TRACY SHORT
Assistant Attorney General
MORGAN BRUNGARD
Assistant Solicitor General

Louisiana Department of Justice
1885 N. Third Street
Baton Rouge, LA 70804
Tel: (225) 326-6766
shortt@ag.louisiana.gov
brungardm@ag.louisiana.gov

*Counsel for Plaintiff State of Louisiana*

/s/ Jeff P. Johnson
ANDREW BAILEY
Attorney General
JOSHUA M. DIVINE
Solicitor General

Missouri Attorney General's Office
Post Office Box 899
Jefferson City, MO 65102
Tel: (573) 751-8870
josh.divine@ago.mo.gov

*Counsel for Plaintiff State of Missouri*

/s/ Eric J. Hamilton
MICHAEL T. HILGERS
Attorney General
ERIC J. HAMILTON
Solicitor General

Nebraska Attorney General's Office
2115 State Capitol
Lincoln, NE 68509

Attorney General
JUSTIN L. MATHENY
Deputy Solicitor General

Mississippi Attorney General's Office
550 High Street, Suite 1200
Jackson, MS 39201
Tel: (601) 359-3680
justin.matheny@ago.ms.gov

*Counsel for Plaintiff State of Mississippi*

/s/ Christian B. Corrigan
AUSTIN KNUDSEN
Attorney General
CHRISTIAN B. CORRIGAN
Solicitor General
PETER MARTIN TORSTENSEN, JR.
Assistant Solicitor General

Montana Attorney General's Office
215 N Sanders St
Helena, MT 59601
(406) 444-2707
Christian.Corrigan@mt.gov
Peter.Tortstensen@mt.gov

*Counsel for Plaintiff State of Montana*

/s/ Brandon F. Chase
JOHN M. FORMELLA
Attorney General
BRANDON F. CHASE
Assistant Attorney General

New Hampshire Department of Justice
33 Capitol Street
Concord, NH 03301

| | |
|---|---|
| (402) 471-2683 | (603) 271-3650 |
| Eric.Hamilton@nebraska.gov | Brandon.F.Chase@doj.nh.gov |

*Counsel for Plaintiff State of Nebraska*   *Counsel for Plaintiff State of New Hampshire*

/s/ *Garry M. Gaskins, II*  
GENTNER F. DRUMMOND  
Attorney General  
GARRY M. GASKINS, II  
Solicitor General  
ZACH WEST  
Director of Special Litigation  
AUDREY A. WEAVER  
Assistant Solicitor General  

Oklahoma Attorney General's Office  
State of Oklahoma  
313 N.E. 21st Street  
Oklahoma City, OK 73105  
(405) 521-3921  
Garry.Gaskins@oag.ok.gov  
Zach.West@oag.ok.gov  
Audrey.Weaver@oag.ok.gov  

*Counsel for Plaintiff State of Oklahoma*

/s/ *J. Emory Smith*  
ALAN WILSON  
Attorney General  
J. EMORY SMITH, JR.  
Deputy Solicitor General  

South Carolina Attorney General's Office  
Post Office Box 11549  
Columbia, South Carolina 29211  
Phone: (803) 734-3680  
Fax: (803) 734-3677  
Email:   ESmith@scag.gov  

*Counsel for Plaintiff State of South Carolina*

/s/ *Charles D. McGuigan*  
MARTY J. JACKLEY  
Attorney General  
CHARLES D. MCGUIGAN  
Chief Deputy Attorney General  

South Dakota Attorney General's Office  
1302 E. Highway 4, Suite 1  
Pierre, SD 57501  
605-773-3215  
Charles.Mcguigan@state.sd.us  

*Counsel for Plaintiff State of South Dakota*

/s/ *Whitney D. Hermandorfer*  
JONATHAN SKRMETTI  
Attorney General and Reporter  
WHITNEY D. HERMANDORFER  
Director, Strategic Litigation Unit  

Tennessee Attorney General's Office  
P.O. Box 20207  
Nashville, TN 37202  
(615) 253-5642  
Whitney.Hermandorfer@ag.tn.gov  

*Counsel for Plaintiff State of Tennessee*

/s/ Lance Sorenson
SEAN REYES
Attorney General
LANCE SORENSON
Assistant Attorney General

Utah Attorney General's Office
350 N. State Street, Suite 230
P.O. Box 142320
Salt Lake City, UT 84114-2320
(801) 538-9600
lancesorenson@agutah.gov

*Counsel for Plaintiff State of Utah*

/s/ Ryan Schelhaas
BRIDGET HILL
Attorney General
RYAN SCHELHAAS
Chief Deputy Attorney General

Wyoming Attorney General's Office
Counsel for the State of Wyoming
109 State Capitol
Cheyenne, WY 82002
Telephone: (307) 777-5786
ryan.schelhaas@wyo.gov

*Counsel for Plaintiff State of Wyoming*

/s/ Kevin M. Gallagher
JASON MIYARES
Attorney General
KEVIN M. GALLAGHER
Principal Deputy Solicitor General

Virginia Attorney General's Office
202 North 9th Street
Richmond, Virginia 23219
(804) 786-2071
kgallagher@oag.state.va.us

*Counsel for Plaintiff Commonwealth of Virginia*

11

## CERTIFICATE OF SERVICE

I hereby certify that on October 28, 2024, I electronically filed the above paper with the Clerk of Court using the Court's electronic case filing system, and I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

Dated: October 28, 2024                     /s/ *Stephen J. Obermeier*
                                            Stephen J. Obermeier