IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| FIREARMS REGULATORY ACCOUNTABILITY COALITION, INC., *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> MERRICK B. GARLAND, *et al.*, <br><br> *Defendants*. | No. 1:23-cv-24-DLH-CRH |

### DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO STAY PROCEEDINGS

Defendants respectfully submit this response to Plaintiffs' motion to stay proceedings. For the reasons explained below, the motion should be denied.

### BACKGROUND

This case challenges a Rule issued by the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), *Factoring Criteria for Firearms with Attached "Stabilizing Braces,"* 88 Fed. Reg. 6,478 (Jan. 31, 2023) ("Rule"). The Rule clarifies that weapons equipped with "stabilizing braces" can fall within the statutory definition of "rifle," and it outlines the criteria ATF considers in determining whether a particular weapon falls within that statutory definition.

Plaintiffs are a firearms trade and advocacy association, a stabilizing brace manufacturer, an individual who uses stabilizing braces, a federally licensed firearms importer and manufacturer, and twenty-five states. Plaintiffs filed suit challenging the Rule and moved for a preliminary injunction on the grounds that the Rule exceeds ATF's statutory authority, the Rule's factors are arbitrary, and ATF's contemporaneously-issued slideshows are unlawful. This Court denied the motion and held that

1

Plaintiffs were unlikely to succeed on the merits of those claims. *See* Order & Op., ECF No. 90. Plaintiffs appealed, and the Eighth Circuit reversed and remanded, holding that Plaintiffs were likely to succeed on the merits of their arbitrary-and-capricious challenge. *See Firearms Regul. Accountability Coal., Inc. v. Garland*, 112 F. 4th 507 (8th Cir. 2024).

In addition to this lawsuit, several other suits have been filed challenging the Rule. In one suit, a district court ruling on cross-motions for summary judgment held that the Rule violated the APA's procedural requirements because it (1) was not a logical outgrowth of the proposed rule, and (2) was arbitrary and capricious. *See Mock v. Garland*, 2024 WL 2982056, at *3-*4 (N.D. Tex. June 13, 2024). The court vacated the Rule. *Id.* at *6. The government has appealed the district court's ruling on both the merits and the scope of relief. *See Mock v. Garland*, No. 24-10743 (5th Cir.).

After Plaintiffs' appeal was final and the case was remanded to this Court, the parties filed a joint status report. *See* ECF No. 113. Plaintiffs stated they wished to stay the proceedings pending the resolution of the *Mock* appeal, while Defendants indicated they were opposed to staying this matter. Plaintiffs subsequently moved for a stay, arguing that the "outcome in the *Mock* appeal could have a significant impact on this case." Pls.' Mot. at 2, ECF No. 114.

## LEGAL STANDARD

Courts have an "inherent" power to stay proceedings. *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). "The decision to stay proceedings involves an exercise of judgment, which must weigh competing interests and maintain an even balance." *U.S. v. Minnkota Power Co-op., Inc.*, 831 F. Supp. 2d 1109, 1118 (D.N.D. 2011) (Hovland, J.) (citations omitted). In weighing those interests, courts consider several factors, including potential prejudice to the non-moving party and the duration of the proposed stay, among others. *See North Dakota v. EPA*, 2015 WL 7422349, at *2 (D.N.D. Nov. 10, 2015); *Aguilar v. Ocwen Loan Servicing, LLC*, 289 F. Supp. 3d 1000, 1010 (D. Minn. 2018). "The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 520, 681 (1997).

**ARGUMENT**

The Court should deny Plaintiffs' motion for a stay. Although a single district court in another circuit has entered an order that vacates the Rule nationwide, that order is not binding on this Court and will not necessarily overtake Plaintiffs' claims in this case, particularly because that court's merits analysis focused, in part, on the logical outgrowth claim—a claim not presented in this action. *See Barnes v. Zurn Pex, Inc.*, 2008 WL 111217, at *3 (D.N.D. Jan. 9, 2008) (declining to stay case to "wait on a possible ruling from another court in another case that may or may not have any effect on the proceedings before this Court."). And as noted, the government has appealed that judgment not only as to the merits, but also as to the scope of relief, and accordingly, is continuing to argue on appeal that fundamental constitutional and equitable principles require courts to limit relief to the plaintiffs when that relief sufficiently remedies the plaintiffs' injuries. *See Gill v. Whitford*, 138 S. Ct. 1916, 1929–30 (2018); *Califano v. Yamasaki*, 442 U.S. 682, 702 (1979).

Second, it would harm the public interest to stay proceedings. One of the benefits of the "traditional system of lower courts issuing" party-specific relief is that it "encourages multiple judges and multiple circuits to weigh in only after careful deliberation, a process that permits the airing of competing views that aids [the Supreme] Court's own decisionmaking process." *DHS v. New York*, 140 S. Ct. 599, 600 (2020) (mem.) (Gorsuch, J., concurring). Conversely, one of the practical problems caused by universal relief is that such relief may "short-circuit the decisionmaking benefits of having different courts weigh in on vexing questions of law and allowing the best ideas to percolate to the top." *Arizona v. Biden*, 40 F. 4th 375, 396 (6th Cir. 2022) (Sutton, C.J., concurring). Notwithstanding that a single district court has vacated the Rule on the merits, this Court should not stay this case and thereby deprive other courts and the judicial system of the benefits that would flow from this Court's considered views on the important questions presented in this case. The premise underlying Plaintiffs' request—that no court should consider the Rule's validity in light of a single district court's judgment,

unless and until that judgment is altered—would create exactly the problem identified above and would prevent these issues from percolating.

Third, staying proceedings in this case would prejudice the government because it would effectively permit Plaintiffs "two bites at the apple." *FDA v. Alliance for Hippocratic Med.*, 602 U.S. 367, 403 (2024) (Thomas, J., concurring) (explaining the equitable and practical problems with affording relief that extends beyond the named parties to a lawsuit in a separate context). That is, staying proceedings would allow Plaintiffs to avail themselves of a judgment by another district court—which does not bind this Court—while preserving Plaintiffs' challenge to the Rule indefinitely, for the sole purpose of reviving it in the event ATF were to prevail in an appeal in another circuit. This Court should not permit Plaintiffs here, including twenty-five states and an association suing on behalf of its members, to adopt that wait-and-see approach. Instead, if Plaintiffs wish to maintain this case, they should timely proceed to final judgment. *Cf. Mata v. Lynch*, 576 U.S. 143, 150 (2015) ("[W]hen a federal court has jurisdiction, it also has a virtually unflagging obligation . . . to exercise that authority." (citations omitted)).

Finally, the resolution of the *Mock* appeal will not necessarily be short in duration, as Plaintiffs contend. Briefing in *Mock* is still ongoing, argument has not yet been set, and a decision could be many months away. Any additional review by the en banc Fifth Circuit or the Supreme Court would likewise delay proceedings further. Thus, because "the duration of any stay would be unknown," the indefinite and prolonged nature of Plaintiffs' request weighs against granting the motion. *Aguilar v*, 289 F. Supp. 3d at 1010.

## CONCLUSION

The Court should deny Plaintiffs' motion to stay proceedings.

Dated: November 12, 2024                    Respectfully submitted,

                                                     BRIAN M. BOYNTON
                                                     Principal Deputy Assistant Attorney General

                                                     BRIGHAM J. BOWEN
                                                     Assistant Branch Director

                                                     */s/ Taylor Pitz*
                                                     TAYLOR PITZ (CA Bar No. 332080)
                                                     JODY D. LOWENSTEIN (MT Bar No. 55816869)
                                                     FAITH E. LOWRY (TX Bar No. 24099560)
                                                     Trial Attorneys
                                                     U.S. Department of Justice
                                                     Civil Division, Federal Programs Branch
                                                     1100 L Street NW
                                                     Washington, DC 20005
                                                     Phone: (202) 305-5200
                                                     Email: taylor.n.pitz@usdoj.gov

                                                     *Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

On November 12, 2024, I electronically submitted the foregoing document with the Clerk of Court for the U.S. District Court, District of North Dakota, using the Court's electronic case filing system. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

                                              */s/ Taylor Pitz*
                                              TAYLOR PITZ
                                              Trial Attorney
                                              U.S. Department of Justice